IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:12-HC-2098-D

| | | |
|---|---|---|
| DWIGHT AVON MAJOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CRAIG APKER, | ) | |
| | ) | |
| Respondent. | ) | |

On April 20, 2012, Dwight Avon Major ("Major" or "petitioner"), a federal inmate proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1], along with a supporting memorandum [D.E. 1-1] and attachments [D.E. 1-2]. On May 11, 2012, Major filed a supplement to his petition [D.E. 3], along with additional exhibits [D.E. 3-1].[1] On November 6, 2012, the court reviewed the petition and additional filings pursuant to 28 U.S.C. § 2243 and allowed the action to proceed [D.E. 5].

On December 17, 2012, respondent filed a motion to dismiss for failure to state a claim, or in the alternative for summary judgment [D.E. 10], along with a supporting memorandum and several exhibits [D.E. 11]. Because respondent attached materials that are outside the scope of the pleadings, the court construes the motion as a request for summary judgment. See Fed. R. Civ. P. 12(d). Pursuant to Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam), the court

---

[1] The clerk shall seal Major's presentence report, [D.E. 3-1] 21–38, and the transcript of Major's sentencing proceedings, [D.E. 4]. See, e.g., United States v. Allen, 2013 WL 1777564, at *5 (4th Cir. Apr. 26, 2013), cert. denied, 2013 WL 2111060 (June 10, 2013); Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575–76 (4th Cir. 2004); Stone v. Univ. of Md. Med. Sys. Corp., 855 F.2d 178, 180–81 (4th Cir. 1988); In re Knight Publ'g Co., 743 F.2d 231, 235 (4th Cir. 1984); United States v. Major, No. 0:03-CR-60116-KAM-1, [D.E. 138–143] (S.D. Fla.).

notified Major about the motion, the consequences of failing to respond, and the response deadline [D.E. 12]. On March 1, 2013, Major filed a response to the motion [D.E. 17], along with an affidavit [D.E. 17-1] and supporting exhibits [D.E. 17-2]. As explained below, the court grants the motion for summary judgment.

I.

Major "is a Bahamian citizen serving a 108 month term of imprisonment in the United States of America having been convicted there of certain drug related offen[s]es before the United States District Court of the Southern District of . . . Florida[.]" Supp. Pet. [D.E. 3], Ex. 2 [D.E. 3-1] 3. On October 26, 2001, in the Commonwealth of the Bahamas ("Bahamas"), Major was sentenced to a term of imprisonment of two years for possession of dangerous drugs with intent to supply and possession of ammunition. See Pet., Exs. [D.E. 1-2] 3, 10 (BOP administrative remedy responses). Major appealed, and on May 13, 2002, the appeal was dismissed and the sentence was affirmed. See id. On May 16, 2003, while in Bahamian custody, Major was sentenced in the Bahamas to a two-year term of imprisonment for threats of death, making use of obscene language, and obstruction. See id. Those sentences ran concurrently and expired on September 28, 2004. Id. On May 21, 2003, while in Bahamian custody, Major was convicted in the Bahamas of conspiracy to import 1,600 kilograms of cocaine ("third conviction"). Id. However, the Bahamian court did not impose a sentence on this third conviction until November 12, 2007. Id.

On June 3, 2003, in the United States District Court for the Southern District of Florida, a grand jury indicted Major on charges relating to the conspiracy to import and attempts to import substantial amounts of cocaine and marijuana into the United States, all in violation of 21 U.S.C. §§ 963, 960(b)(1)(B)(ii), and 960(b)(2)(G). Major, No. 0:03-CR-60116-KAM, [D.E. 1] (S.D. Fla. June 3, 2003) (indictment). On June 19, 2003, the United States issued a warrant for Major's arrest,

2

which Bahamian police executed on Major on July 19, 2003, while he was still serving his Bahamian prison sentence. See [D.E. 1-2] 3, 10. The United States also commenced extradition proceedings, which Major vigorously contested in the Bahamas for several years, while confined in Bahamian prison. See [D.E. 3-1] 3–5. On September 12, 2003, the federal criminal court placed Major on fugitive status. Major, No. 0:03-CR-60116-KAM, [D.E. 41] (S.D. Fla. Sept. 12, 2003) (order). On July 30, 2004, the Bahamian courts issued an extradition warrant. [D.E. 1-2] 25. On November 7, 2007, in the Bahamas, Major was sentenced on his third conviction to a term of imprisonment of five years, retroactive to October 11, 2003. Id. 3, 10. On the same date, Major appealed his third conviction and sentence in the Bahamian courts, which apparently has "the effect of suspending the execution of the decision appealed against." [D.E. 3-1] 10–11 (citing Bahamas Code of Criminal Procedure Section 235); see Resp't's Ex. 3 [D.E. 11-3] (copy of Bahamas code). The Bahamas Court of Appeal has not ruled on Major's appeal of his third conviction. [D.E. 3-1] 9.

On April 21, 2008, in the United States District Court for the Southern District of Florida, Major made his initial appearance. Major, No. 0:03-CR-60116-KAM, [D.E. 80] (S.D. Fla. Apr. 21, 2008) (order on initial appearance). On October 10, 2008, Major pleaded guilty to count one of the indictment. Id., [D.E. 123] (S.D. Fla. Oct. 10, 2008) (plea hearing). On July 13, 2009, the court sentenced Major to a term of imprisonment of 108 months, and recommended "that [Major] receive credit for time served in the Bahamas while awaiting extradition." Id., [D.E. 135] 2 (S.D. Fla. July 15, 2009) (judgment); see [D.E. 1-2] 14. Apparently, when Major initially entered BOP custody in 2009, the BOP took into account the time Major spent confined in Bahamian prison fighting extradition, and calculated his release date as arising in 2011. [D.E. 3-1] 6. However, in 2011, the BOP began to make inquiries as to Major's legal status while held in Bahamian prison between 2004 and 2008, determined that he was in the primary custody of the Bahamas, and recalculated his release

3

date as arising on May 4, 2016. See, e.g., Pet., Exs. [D.E. 1-2] 18–20, 25–26; Mem. Supp. Pet. 2; [D.E. 3-1] 6–9.

Major seeks credit towards his term of incarceration from June 19, 2003, to April 18, 2008, and argues that the Bureau of Prisons erred in computing his prison sentence. Mem. Supp. Pet. 2–5; Resp. Opp'n Mot. Summ. J. 2. Major exhausted his administrative remedies on this claim, and the Bureau of Prisons denied his claim on March 27, 2012. Mem. Supp. Pet. 4 & Atts. 3; see Resp't's Mem. Supp. Mot. Summ. J. 5.

II.

In considering the motion for summary judgment, the court views the evidence in the light most favorable to Major and applies well-established principles under Rule 56 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 56; see also Scott v. Harris, 550 U.S. 372, 378 (2007); Celotex Corp. v. Catrett, 477 U.S. 317, 325–26 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–55 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 585–87 (1986). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Anderson, 477 U.S. at 247–48. The party seeking summary judgment bears the burden of initially coming forward and demonstrating an absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 325. Once the moving party has met its burden, the nonmoving party then must affirmatively demonstrate that there exists a genuine issue of material fact for trial. See Matsushita, 475 U.S. at 587. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Anderson, 477 U.S. at 249.

The BOP may award credit towards a sentence of incarceration for time spent in pretrial

4

detention as follows:

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added). "Congress made clear [in § 3585(b)] that a defendant could not receive a double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992).

A term of federal imprisonment commences "on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). "A federal sentence does not commence until the Attorney General receives the defendant into [his] 'custody' for service of that sentence." United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998). "[P]rimary jurisdiction over a person is generally determined by which [sovereign] first obtains custody of, or arrests, the person." United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005); see Evans, 159 F.3d at 912. A "writ of habeas corpus ad prosequendum, issued to bring a prisoner to his own trial, works as a mere loan of the prisoner to federal authorities and does not effectuate a change in custodian for purposes of the federal statute . . . ." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (alterations omitted) (quotation omitted). "Principles of comity require that when the writ of habeas corpus ad

5

prosequendum is satisfied, the receiving sovereign return the prisoner to the sending sovereign." Evans, 159 F.3d at 912.

Major was in the primary legal custody of the Bahamas on June 3, 2003, when the federal criminal court issued its arrest warrant. Major remained in the primary legal custody of the Bahamas until September 28, 2004, where he was serving a prison sentence imposed in that jurisdiction. See, e.g., [D.E. 3-1] 12 (Major "was serving a lawful sentence from the date of his conviction in 2002 to 2004"). The question is whether Major's 2007 Bahamas criminal judgment – which was imposed retroactive to October 11, 2003, when he was still in the primary legal custody of the Bahamas but has been suspended pending his appeal by operation of Bahamian law – makes the period of time between September 28, 2004, and April 18, 2008, a period of time which "has not been credited against another sentence." 18 U.S.C. § 3585(b). On this issue, Major must show that he is entitled to credit for time served in another sovereign's jail or prison and that he did not receive such credit. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007); United States v. Harris, 876 F.2d 1502, 1506 (11th Cir. 1989).

Major has failed to raise a genuine issue of material fact concerning whether the BOP properly determined that Major was not entitled to the credit, as it had already been applied to his third Bahamian conviction. Accordingly, respondent is entitled to summary judgment. See, e.g., United States v. Efrosman, 62 F. App'x 24, 25 (2d Cir. 2003) (per curiam) (unpublished); Morales-Madera v. Keller, No. 2:10CV222-TMH, 2012 WL 692970, at *2 (M.D. Ala. Feb. 7, 2012) (unpublished), report and recommendation adopted, 2012 WL 689119 (M.D. Ala. Mar. 1, 2012) (unpublished); Diaz v. Holinka, No. 10-cv-218-slc, 2010 WL 2403762, at *3–4 (W.D. Wis. June 10, 2010) (unpublished); Carter v. Holinka, No. 3:07-cv-00629-bbc, 2007 WL 5595942, at *1 (W.D.

6

Wis. Dec. 19, 2007) (unpublished); Carr v. LaManna, Civil Action No. 6:06-1118, 2007 WL 675644, at *4 (D.S.C. Feb. 28, 2007) (unpublished).

Finally, the facts that the federal criminal court recommended that Major "receive credit for time served in the Bahamas while awaiting extradition[,]" Major, 0:03-CR-60116-KAM, [D.E. 135], and that the Bahamian court concluded that Major was a person on remand pending his appeal against the 2003 conviction and also for extradition purposes after September 28, 2004, rather than a prisoner in primary Bahamian custody, [D.E. 3-1] 16–17, do not alter the court's analysis. Section 3585(b) does not authorize a district court to award such credit in the first instance. Rather, the Attorney General, through the Bureau of Prisons, is authorized to compute credit due under the statute. Wilson, 503 U.S. at 333–35; Paul v. Bragg, No. EP-10-CV-470-KC, 2011 WL 3298413, at *3–4 (W.D. Tex. Aug. 1, 2011) (unpublished), appeal dismissed, 454 F. App'x 380 (5th Cir. 2011) (per curiam) (unpublished). The BOP's initial determination as to Major's release date, which it later revised substantially upward in concluding that Major was not entitled to the credit, also does not alter the court's analysis. See United States v. Wetmore, 700 F.3d 570, 574 (1st Cir. 2012), cert. denied, 133 S. Ct. 1652 (2013).

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court determines that reasonable jurists would not find the court's treatment of any of Major's claims debatable or wrong, and none of the issues are adequate to deserve encouragement to proceed further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

III.

For the reasons stated, the court GRANTS respondent's motion for summary judgment [D.E. 10] and DISMISSES petitioner's application for a writ of habeas corpus. The court DENIES a

certificate of appealability. The clerk shall SEAL Major's presentence report and the transcript of his sentencing proceedings and close the case.

SO ORDERED. This 1st day of July 2013.

JAMES C. DEVER III
Chief United States District Judge